**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ROBERT PERRY,

     Petitioner,

v.                                                          CASE NO: 8:04-CV-1965-T-30TBM
                                                            Crim. Case No.: 8:00-CR-166-T-30TBM

UNITED STATES OF AMERICA,

     Respondent.

_____/

## ORDER

This matter is before the Court upon Petitioner's Motion to Vacate, Set Aside, or

Correct Sentence pursuant to 28 U.S.C. §2255 (Dkt. #1) filed on August 27, 2004,

Respondent's Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct

Sentence, Pursuant to 28 U.S.C. § 2255 (Dkt. #4), and Petitioner's Traverse to the Response

in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to

28 U.S.C. §2255 (Dkt. #6)  Petitioner challenges the sentence imposed following his 2002

conviction for receiving and distributing child pornography. The Court has reviewed the

arguments and the prior proceedings in the underlying criminal case and concludes that this

motion is due to be summarily denied.

Petitioner, Robert Perry (hereinafter referred to as "Perry" or "Petitioner"), was found

guilty on August 6, 2001, of "knowingly possessing computer images that contained images

of child pornography" that had been transported in interstate commerce, in violation of 18

U.S.C. §2252A(a)(5)(B), and "knowingly receiving and distributing child pornography,

which visual depiction is, or appears to be, of a minor engaging in sexually explicit conduct,

which had been transported in interstate commerce by computer," in violation of 18 U.S.C.

§2252A(a)(2). On March 5, 2002, the Court sentenced Petitioner to 60 months imprisonment

on count one and 120 months imprisonment, concurrently, on counts two and three.

Petitioner directly appealed the final judgment to the United States Court of Appeals

for the Eleventh Circuit. The Eleventh Circuit affirmed Petitioner's conviction on March 21,

2003. On October 6, 2003, the United States Supreme Court denied Petitioner's Petition for

Writ of Certiorari.

On August 27, 2004, Petitioner timely filed this §2255 petition asserting the following

claims for relief:

1.      Trial counsel rendered ineffective assistance of counsel by failing to challenge
        the constitutionality of 18 U.S.C. §2256(8)(b);

2.      Petitioner's sentence violates his Sixth Amendment right to a jury trial as well
        as his Fifth Amendment right to notice of the charges, in that the judge
        imposed multiple enhancements using a preponderance of the evidence
        standard of proof, none of which was charged in the indictment;

3.      The application of a sentencing enhancement by a judge, rather than a jury,
        using a preponderance of evidence standard of proof, is both structural error
        and a substantive violation of Petitioner's Sixth Amendment rights;

4.      The non-retroactivity doctrine of Teague v. Lane, 489 U.S. 288 (1989), is
        unconstitutional, because it violates the principle of separation-of-powers as
        well as the provisions of Article III of the United States Constitution; and

5.      Trial counsel rendered ineffective assistance of counsel by failing to adequately develop a defense to the charges.

## Standard of Review

Title 28 U.S.C. §2255 sets forth the framework for reviewing a federal prisoner's sentence for any of the following four reasons: (1) the sentence was imposed in violation of the Constitution of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. §2255. Case law establishes that only constitutional claims, jurisdictional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable on collateral attack. See United States v. Addonizio, 442 U.S. 178, 185 (1979); Hill v. United States, 368 U.S. 424, 428 (1962); Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988).

## Discussion

## I.  Failure to Challenge the Constitutionality of 18 U.S.C. §2256 (8)(b).

Petitioner asserts that he was denied his Sixth Amendment right to effective assistance of counsel.  In support of this claim, Petitioner sets forth the following acts, *verbatim*:

Trial counsel rendered ineffective assistance of counsel by failing to challenge the constitutionality of 18 U.S.C. §2256(8)(b).   Any reasonably competent counsel would have conducted legal research and learned of the Ninth Circuit's decision declaring unconstitutional the very statute Perry was accused of violating. A reasonably competent attorney would have discovered that the Supreme Court had granted certiorari to review that decision. A reasonably competent attorney would have informed his client of such a ruling, and made a motion to preserve such a claim in the event the United States Supreme Court upheld the decision.

To establish a prima facie claim of ineffective assistance of counsel at trial, Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance is performance which is objectively unreasonable under prevailing professional norms. Id. at 688. Ineffective assistance of counsel may be grounds for vacating a conviction if (1) counsel's performance fell below an objective standard of reasonable professional assistance, and (2) the defendant was prejudiced by the deficient performance. Id. at 694. "There is no reason for a court deciding an ineffective assistance claim... to address both components of the inquiry if the defendant makes an insufficient showing of one." Id. at 697.

Petitioner's argument that his counsel's failure to preserve a claim based on the constitutionality of 18 U.S.C. §2256(8)(B) constituted ineffective assistance of counsel is unpersuasive.  The Ninth Circuit Court of Appeals held in Free Speech Coalition v. Reno, 198 F.3d 1113 (9th Cir. 1999), that the language "appears to be a minor" set forth in 18 U.S.C. §2256(8)(B) and the language "convey(s) the impression" set forth in 18 U.S.C. §2256(8)(D) were unconstitutionally vague and overly broad. However, the Ninth Circuit ruled that this language  was severable, and the law enforceable with the two phrases stricken. Prior to Petitioner's  trial the Supreme Court of the United States granted certiorari to review the Ninth Circuit's decision. See Ashcroft v. Free Speech Coalition, 531 U.S. 1124 (2001). The United States Supreme Court ultimately affirmed the Ninth Circuit's decision. See Ashcroft v. Free Speech Coalition, 535 U.S. 234 (2002).

In <u>Ashcroft</u>, the United States Supreme Court held that a ban on sexually explicit images appearing to depict minors, but not actually produced using minors was unconstitutionally overbroad. <u>Ashcroft</u> at 253. <u>Ashcroft</u> does not apply to Petitioner's case. The record is clear that the images on Petitioner's computer were of actual children, not images merely appearing to depict minors, which would still fall within the remaining provisions of 18 U.S.C. §2256 after the <u>Ashcroft v. Free Speech Coalition</u>, 535 U.S. 234 (2002), decision. [1] Hall's strategy of attacking the whole body of evidence by filing various motions to suppress the evidence found on petitioner's computer, as opposed to challenging the constitutionality of 18 U.S.C. §2256(8)(b), fell within the bounds of reasonable professional assistance under <u>Strickland</u>. [2] See <u>Strickland</u> at 694. For the foregoing reasons, Petitioner's claim does not satisfy the first prong of <u>Strickland</u>, and therefore it is not necessary for this Court to address the second prong in <u>Strickland</u>.

## II.    Application of Sentencing Enhancement by Judge.

Petitioner asserts that his sentence must be vacated on the grounds that this Court considered facts in determining his sentence under the United States Guidelines that were not alleged in his indictment and submitted to a jury or proven beyond a reasonable doubt. Petitioner's claim is without merit.

The Supreme Court held in <u>United States v. Booker</u>, 543 U.S. 220, 125 S. Court. 738 (2005), that the federal sentencing guidelines are subject to the jury trial requirements of the

---

[1] See CR DKT# 102 at 5-6

[2] See CR DKT # 35, 39, 42, 46, 68

Sixth Amendment. <u>Booker</u> at 752-55. A defendant has the right to have the jury find the existence of "any particular fact" that the law makes essential to his punishment. <u>Id</u>. at 749. Under a mandatory guideline scheme, this right is implicated whenever a judge seeks to impose a sentence that is not solely based on facts reflected in the jury verdict or admitted by the defendant. <u>Id</u>. However, petitioner's conviction was final on October 6, 2003, the day the United States Supreme Court denied Petitioner's Petition for Writ of Certiorari. <u>Booker</u> does not apply retroactively to cases, such as petitioner's, that were final prior to the <u>Booker</u> decision. <u>See</u> <u>Varela v. United States</u>, 400 F.3d 864, 868 (11th Cir. 2005)**.**

Even if Booker were to apply retroactively to Petitioner's case, it would offer no benefit**.** A party challenging a sentence bears the burden of establishing that the sentence is unreasonable. <u>See</u> <u>U.S. v. Talley</u>, 431 F.3d 784 (11th Cir. 2005). Petitioner, in the instant case, makes no claim nor offers any evidence in his § 2255 Motion to Vacate that would indicate the Court imposed a sentence not solely based on facts reflected in Petitioner's jury verdict or admitted by Petitioner.

**III.    Imposition of Multiple Enhancements by Judge.**

Petitioner asserts that his sentence violates his Sixth Amendment right to a jury trial as well as his Fifth Amendment right to notice of the charges, in that the judge, rather than the jury, imposed multiple enhancements using a preponderance of the evidence standard of proof, none of which was charged in the indictment. Petitioner's claims have already been addressed above in section II, and there is no reason to address them again.

**IV.    Non-retroactivity doctrine of <u>Teague v. Lane</u>.**

Petitioner asserts, without citing any authority, that the non-retroactivity doctrine of

<u>Teague v. Lane</u>, 489 U.S. 288 (1989), is unconstitutional because it violates the principle of

separation of powers as well as the provisions of Article III of the United States Constitution.

Petitioner states:

> The non-retroactivity doctrine of <u>Teague v. Lane</u>, 489 U.S. 288 (1989), permits
> a judge to apply the law prospectively, rather than retroactively. The non-
> retroactivity doctrine was judicially created. The non-retroactivity doctrine is
> judicially defined. The non-retroactivity doctrine is judicially applied. Under
> Article VII of the United States Constitution, the judicial power of the United
> States is limited to declaring what the law is, not what the law shall be. At
> common law, all judicial decisions were retroactive. To the extent the non-
> retroactivity doctrine bars any of petitioner's claims, that doctrine itself is
> unconstitutional because it violates the separation-of-powers between the three
> branches of government and the implicit provisions of Article III that the
> judicial branch determines what the law is, not what the law shall be.

This court fails to understand how the non-retroactivity doctrine violates the separation of

powers between the three branches of government. Regardless, the United States Supreme

Court has held that this argument has no merit. <u>See</u> <u>United States v. Booker</u>, 543 U.S. 220,

125 S. Court. 738 (2005).

**V.    Ineffective Assistance of Counsel**

Petitioner asserts that he was denied his Sixth Amendment right to effective assistance

of counsel. In support of this claim, Petitioner states:

> Prior to trial, defense counsel received documents in discovery
> corroborating that several images and files on a computer were time and
> date stamped prior to Perry's purchase of the computer. Counsel failed
> to pursue this line of defense through pre-trial investigation or during
> trial before any witnesses.

Petitioner fails to clarify in his argument what he means by "time and date stamped." Petitioner's argument is irrelevant if the time and date stamping concerns the photograph itself, as the relevant inquiry under 18 U.S.C. §2252A(a)(5)(B) is "knowingly receiving and distributing child pornography." The record is clear that Petitioner actually distributed the images. He was not convicted of creating the images himself. [3]

Petitioner has not met the burden to establish a prima facie claim of ineffective assistance of counsel. To establish a prima facie claim of ineffective assistance of counsel at trial, Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Judicial scrutiny of counsel's performance is highly deferential. Id. at 689. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and the defendant must overcome the presumption that the challenged action might be considered sound trial strategy. Id.

Petitioner has failed to show that his counsel's performance was below an objective standard or reasonable professional assistance under Strickland. Id. At 694.  As Petitioner's claim does not satisfy the first prong of Strickland, it is not necessary for this Court to address the second prong in Strickland. Id.

---

[3] See CR DKT # 6, 15-19, 34; see gov't exs. 4, 5, 6, 7, 11, 12.

Page 8 of  9

## **Conclusion**

For the foregoing reasons, the Court finds that Petitioner has failed to establish that he is entitled to relief under 28 U.S.C. §2255.

ACCORDINGLY, the Court **ORDERS** that:

1.      The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (CV Dkt. 1) is **DENIED**.

2.      The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on June 12, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record